The next case on our call to jacket today is agenda number three, case numbers 110615 and 110702, People v. Jackson. Counsel for the appellant. Mr. Chief Justice, Your Honors, may it please the Court. My name is David Harris, Assistant Appellate Defender, on behalf of both appellants, Michael Jackson and Felton Lee. The issue today regards the arrestee's medical cost assessment. While the statute containing this assessment is complex, the resolution of today's case is clear. There are two basic principles that should guide this Court's decision. First is the distinction between a fee and a fine. This Court has defined fees as costs relating to a specific prosecution or assessments relating to a specific prosecution that seek to recoup for costs of that prosecution, whereas a fine is an assessment that's not related to a prosecution and is instead imposed as a criminal penalty. The second principle is the rule of lenity, which guides courts to resolve ambiguous criminal statutes and criminal penalties in a defendant's favor. This is because for criminal penalties to apply, there needs to be clear and fair warning at the time of the offending conduct. Counsel, did either of the defendants object to the imposition of this cost at sentencing hearing? I don't believe so. There's no record of objection to the list of fines and fees that were checked out. And was it raised at any time prior to the appeal? No, I do not believe so. Is it forfeited? Well, the imposition of a fine that was not authorized by statute would be void, so I don't think it is forfeited. And these are constantly raised on appeal in the appellate court. I think the procedure in the circuit court is to check off a checklist of fines and fees. Either the judge or the clerk checks it off and the judge signs it, and it might not even be seen. But again, the record is not clear about that. But the imposition of a monetary penalty that isn't authorized by statute is void and can't be forfeited. The statute at issue today was amended effective August 2008, which was after the date of the appellant's offenses, but before their sentencing hearings. The amended version now creates a clear fine that applies to all defendants regardless of the cost of their prosecution, but the ex post facto clauses of the United States and Illinois Constitutions prohibit retroactive application of this criminal penalty. The pre-amended version, therefore, controls. And this version was filled with ambiguity and contradiction. And in the face of this, due to this ambiguity and also due to the amendment itself, this court should avoid construing it as a fine that applies to all defendants, but instead a fee that has to relate to specific medical costs of a specific case. And because those costs weren't shown here, it was improperly imposed. The ambiguity in the pre-amended version stems from several places. There's the paragraph detailing the collection of the assessment that calls it a fee that should be taxed as costs and yet exempts it from the credit a defendant gets for spending time in custody prior to sentencing. That only applies towards fines. There's a contradiction between the broader collection provision of the statute that authorizes the imposition of the assessment, but then a narrower restriction of the use of the money that says that the money should be used for medical costs relating to the arrestee on account of his or her arrest or the administration of the funds. Several appellate court cases have interpreted this as saying that when a defendant's assessment is used just for medical costs, it can only be used for that defendant's medical costs. The appellate court in People v. Cleveland recognized that restriction. The appellate court in a case relied on heavily by the state, People v. Jones, also recognized that restriction when money is used for medical costs. There was another restriction in the statute that shows a contradiction and shows that the statute was poorly drafted and unclear. The money could be used for medical costs relating to the arrestee on account of an injury that occurred during his or her arrest. Yet the very first paragraph says that jailers or counties are responsible for any medical care that arises for someone in their custody, and they're entitled to reimbursement for that care. So the first paragraph authorizes reimbursement for care that a later paragraph says the funds can't be used for. If that's a correct interpretation, what sense does it make to create a fund at all? If the person has already incurred some medical expenses, I think pretty presumptively it would be more than $10. So how is there any kind of a fund created, and how would costs of administration be covered? I don't understand why they would do that. Right. Isn't that kind of absurd? Well, I think that is an absurd result where, let's say, the Jones Appellate Court decision said that the money is restricted when it's used for medical costs to only that specific defendant, but can be used for administrative costs. So you have collecting assessment after assessment that it can only be used for administrative costs to administer the fund when somebody else is injured and their $10 can go towards their assessments. But the focus of the statute is on full reimbursement from a defendant who can afford it. It says twice that a defendant who can afford his own medical care has to pay for it, or a defendant who has insurance, his insurance covers it, or has some sort of public aid, Medicare or Medicaid, when the costs exceed $500, the county or the jailer or the arresting authority can recoup from that form of public aid. When all that fails and the defendant can't afford it, at least there's still this nominal fee of $10 when someone has costs. But these various contradictions in the statute have led not just the appellants to argue that there's ambiguity here, but the courts are confused too. The appellate court has developed several different interpretations of the statute. The court in Cleveland said that the restricted use of the money necessarily restricts the collection of money to only those cases where an arrestee incurs actual medical costs. The court in Jones recognized that restriction but said because money can be used for administration of the fund, you can collect from every defendant for the administrative purposes. The appellate court in People v. Evangelista noted that the statute was confusing but resolved it by reading these references to singular arrestee and his or her arrest as referring to multiple arrestees. And that approach was explicitly rejected by the appellate court in Jones and cases following Jones like Hubbard that said they don't need to stretch the language so far or turn the singular into a plural. And this just shows that there's ambiguity in the statute. And it's not just the courts that are confused. The state's attorney's office has struggled to adopt a coherent view of the statute as well. In People v. Jones, the appellate court noted that the state agreed with the defendant that the fee was only proper where there were actual medical costs and conceded that it should be vacated because there were no costs. The court went on for various reasons to reject that agreement. But that shows that courts can't settle an interpretation of this pre-amended statute. The state's attorney's office couldn't. And with this ambiguity, it shouldn't be construed as a penal fine but as rather a fee that has to relate to specific costs of a prosecution. And those costs were absent here. There's another reason to interpret it as a fee related to specific costs, and that's the amendment itself. The legislature, effective August of 2008, removed this restriction on the use of money for costs relating to the arrestee on account of injuries during his or her arrest. And now the fund operates as Your Honor suggested. Money can be collected from every defendant as a fine that can be used for any other case, regardless of the cost of any specific case. Amendments are presumed to change the law. And if the result is this broad fine that applies in all cases, the previous version should be interpreted as a fee that applied in the cases where there were actual costs. The state suggests that this amendment instead should be used to clarify the earlier version. But using it to clarify the earlier version conceives that the earlier version was ambiguous and in need of the legislature's clarity, and that ambiguity is clear again in the various competing interpretations of the appellate court. The state argues that instead of the pre-amended version applying, it's that the amended version, the new version, controls this case that was in effect at the time of their sentencing. But their argument is that it applies simply because it didn't change the defendant's obligation to pay, which necessarily relies on the applicability of the fee under the first statute. And as I've discussed, that was ambiguous and unclear and shouldn't be construed as something that applies to absent specific costs. With regard to that argument, does it matter whether we characterize the amended version as a fee or a fine or the original as a fee or a fine to make the amended version applicable to these two individuals? I think what matters most is whether it's related to a specific cost of the case. And typically, according to this Court's definition in the past, if it's not related to a cost, it would be a fine and a criminal penalty. So in that sense, it matters. If it's a criminal penalty under the new version unrelated to the cost of a case, it can't be applied retroactively. And the new version does operate that way. The state claims that the new version is a fee that relates to the specific cost of this prosecution because the fee and the funds provided an insurance benefit to the defendant. But this doesn't withstand the statutory language. The language that I mentioned earlier says that a defendant who can afford his own medical care has to pay for it. So he's deriving no insurance benefit from this. Or no defendant is. They're subject to personal liability for this if they can afford it or if they have insurance or if they have some sort of public aid. And there's no indication that the county or the arresting authorities are incurring further costs simply by taking someone into custody. These costs of insurance benefits are merely theoretical and not actually realized. There's no indication they're paying higher premiums by jailing one more person. It's just that the state itself is the insurer, the county, and they pay out only actual costs. And this is even clearer under the pre-amended version where the use of the fund was limited to injuries during the arrest. It's essentially known almost instantaneously with the arrest whether or not there are medical costs. So there's no future risk of further costs related to this prosecution. For Harris, the amended statute was in effect when these defendants were sentenced. Were sentenced, yes, but not at the time of their offenses. So as it operates now as a fine unrelated to the costs of their prosecution, it can't be applied to their offending conduct that predated the amendment. The new one, we agree, operates in this manner where you collect money from every defendant, pool it together, and when medical costs arise in any other case, that money can be used to offset those medical costs. But that's not a fee related to a specific defendant's case, especially here where there were no costs. And that's seen in the example of someone who can afford it. They pay 100% of their costs or their insurance covers it, and yet they're still subject to this assessment. So that would be a fine. That's similar to what happened here. They had zero dollars of medical costs. They could afford it and paid it and would still be subject to this fine. And so that shows it's completely untethered from the cost of their case and operates as a fine that can't be operated or applied retroactively against the defendants. If there are no further questions, for the reasons stated here, that the previous version is a fee that has to relate to costs that do not accrue in these cases and the subsequent amended version is a fine that can't be applied retroactively, we'd ask that you reverse the appellate court decisions in both Jackson and Lee and order the vacatur of their medical cost assessment. Thank you. Thank you. Counsel. Good morning, Chief Justice and Honorable Justices. May it please the Court. I'm Assistant State's Attorney Margaret Smith, and I represent the people of the State of Illinois. The $10 arrestee's medical cost fund assessment was a fee under the original statute and remained a fee under the amended statute because all defendants have always been obligated to pay that fee. The collection provision remained the same. Defendants are placed in custody once a criminal complaint is filed and the prosecution begins. The sheriff at that point is obligated to provide medical coverage for those defendants in custody. The defendant in custody benefits from this coverage whether or not he receives medical treatment, just like the beneficiary of any insurance policy, noncustodial situation, where that person receives the benefit of their insurance policy, whether or not they avail themselves of the medical coverage. I know you're saying under both versions it's a fee and it applies, but is it your position that the fact that defendants were sentenced means the amended version applies in this case? When they were sentenced, the amended version was in place, so that's what applies here? Correct. It is our position that the amended statute should be applied to the defendant because it was in effect at the time of their sentencing and that the amendment was procedural and the collection provision did not change and the defendants were always obligated to pay the fee. How do you address Mr. Harris' argument as to when the conduct occurred? Well, that's simply not the case. The case that the defendant relies on is People v. Unander. Excuse me. Yes, People v. Unander, and in that case it was a Fourth District case. They held that the original version applied because it was in effect at the time of the offense, but that case they did not provide any support for that conclusion. It made no reference to the ex post facto law, which is what the defendant is citing it for. So it's correct here, the amended statute should be applied because it was in effect at the time of the sentencing of the defendants and the amendment was procedural only. The defendants always had the obligation to pay that fee because the collection provision remained the same. And here, because the defendants benefited from the coverage of the insurance policy, they are under the statute obligated to pay the $10 fee into the fund upon conviction. So defendants argument that the assessment went from a fee in the original statute to a fine and a punishment under the amended statute implicating the prohibition against ex post facto laws is simply wrong. The purpose of the statute remained the same. It was to make funds available to the county sheriff to cover the cost of providing medical services to those in custody. The purpose of the amendment was to expand those medical expenses for which the county sheriff could seek reimbursement. And here also defendants argument that under the original statute, the assessment could only be applied to injured defendants would lead to an absurd result. It would make the fund unnecessary. Defendant is essentially arguing that you would take $10 from an injured defendant, it would be placed in a fund, and that same $10 would be used only to pay the cost for treatment of that injured defendant. If that were the case, there would be no need for a fund, as was pointed out. And if we were only talking about $10, $10 in for an injured defendant, and that $10 being used to pay the cost of that medical care, there would be absolutely no need for a fund. It would render the statutory language regarding the fund, the establishment of the fund, the collection of the fee and placing that in the fund, that would render that language meaningless. So the character of the assessment has not changed. The plain language of the collection provision, obligating the defendants to pay that fee has not changed. The policy of the statute has not changed. It was always to make funds available to the county sheriff so that he could provide the cost of providing medical care to the defendants in custody. The only thing that changed here was the purpose of the amendment, which was expanding those medical expenses for which the county sheriff could seek reimbursement. Thus, the assessment was properly imposed. For these reasons and those stated in our brief, the assessment was properly imposed, and we ask that you affirm the appellate court's decision. There are no questions? Thank you. Thank you. Mr. Harris? Well, it's clear that there are competing canons of construction that could lead the court one way or the other regarding both the pre-amended and the amended version, but that simply shows that you need to apply these canons to resolve ambiguity in the pre-amended version. If it was as clear as the state claims it is, the appellate court wouldn't come up with one version that benefits the defendant and two competing versions explicitly rejecting each other that benefit the state, and the state's attorney's office wouldn't have agreed with the restricted reading given by People v. Cleveland as they did concede in People v. Jones. This just shows that the previous version was a legislative mess that the legislature has gone in and cleaned up. The current version cannot be retroactively applied unless it relates to specific costs of their prosecution. Otherwise, it's a criminal penalty, a new criminal penalty devised after the date of their offenses, and the ex post facto clauses of the Constitution of the United States and Illinois prohibit that application, and the state simply hasn't shown that there's any sort of cost with this prosecution. I'll just refer one more time to the example of someone who pays their entire medical costs. They're still subject to this. There's no cost remaining. It clearly operates now as a fine that's applied to everybody regardless of what happened during their case or during their prosecution, and you can't reach back and apply that to the offenses that predated the amendment. Thank you. Thank you, counsel. Case numbers 110615 and 110702, People v. Jackson et al., are taken under advisement as Agenda Number 3.